1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   D. DUSTIN,

11              Plaintiff,                    No. CIV S-08-0955 GEB DAD P

12          vs.

13   R.J. SUBIA, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.  Pursuant to this court's May 13, 2008 order, plaintiff has filed an application to

18   proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the

19   undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20              Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

2

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

3  (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

6          deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

7          law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22  Cir. 1982).

23          In the present case, plaintiff has identified more than thirty defendants, most of

24  whom appear to be employed by either Mule Creek State Prison or the California Department of

25  Corrections and Rehabilitation.

26  /////

1       As in previous cases filed by plaintiff in this court, his complaint in this case is

2  handwritten and barely legible.  See, e.g., Dustin v. Townsend, No. CIV S-04-0672 GEB JFM;

3  Dustin v. Ortiz, No. CIV S-01-0426 WBS DAD.  Plaintiff appears to be complaining about

4  prison officials' failure to provide him with adequate medical care and failure to adhere to his

5  medical chronos; failure to protect him; confiscation of his personal property; and falsification of

6  disciplinary reports resulting in his loss of privileges.  Plaintiff also appears to be complaining

7  about prison officials' refusal to allow him access to the law library and the courts.  Plaintiff

8  requests declaratory relief, injunctive relief and damages.

9       The allegations in plaintiff's complaint are barely legible and are so vague and

10  conclusory that the court is unable to determine whether the current action is frivolous or fails to

11  state a claim for relief.  The complaint does not contain a short and plain statement as required by

12  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

13  must give fair notice to the defendants and must allege facts that support the elements of the

14  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

15  1984).  Plaintiff must allege with at least some degree of particularity overt acts which

16  defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with

17  the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

18  however, grant leave to file an amended complaint.

19       If plaintiff files an amended complaint, plaintiff is advised that all defendants

20  must be identified in the caption of his pleading and that all defendants must be named, with

21  position and place of employment, in the section of the form designated for that purpose.  In his

22  original complaint, plaintiff has referred to several defendants as "Jane Doe."  "As a general rule,

23  the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637,

24  642 (9th Cir. 1980).  Plaintiff is advised that the court cannot order service of a complaint on

25  defendants not actually identified by name in his amended complaint.

26  /////

4

1    In addition, in the section of the complaint in which plaintiff is required to set

2    forth a brief statement of the facts of the case, he must describe how each defendant has deprived

3    him of his constitutional rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

4    some affirmative link or connection between a defendant's actions and the claimed deprivation.

5    Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

6    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In his original complaint, plaintiff

7    repeatedly refers to prison "staff" or "personnel."  In an amended complaint, plaintiff should

8    specify which defendant he is referring to and clarify how he or she was involved in the denial of

9    his constitutional rights.  Vague and conclusory allegations of official participation in civil rights

10   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11   If plaintiff decides to file an amended complaint, he is advised of the following

12   legal standards.  First, with regards to plaintiff's inadequate medical care claim, in Estelle v.

13   Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not

14   constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to

15   the level of "deliberate indifference to serious medical needs."  In applying this standard, the

16   Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

17   "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

18   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

19   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

20   Second, with regards to plaintiff's failure to protect claim, the Supreme Court has

21   held that a prison official violates the Eighth Amendment "only if he knows that inmates face a

22   substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

23   abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Under this standard, a prison official

24   must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's

25   health or safety.  Id. at 834.

26   /////

1    Third, with regards to plaintiff's property claim, the United States Supreme Court

2 has held that "an unauthorized intentional deprivation of property by a state employee does not

3 constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

4 Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v.

5 Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

6 remedy, only authorized, intentional deprivations constitute actionable violations of the Due

7 Process Clause.  An authorized deprivation is one carried out pursuant to established state

8 procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);

9 see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

10    Fourth, with regards to plaintiff's due process and loss of privileges claim,

11 although "[s]tates may under certain circumstances create liberty interests which are protected by

12 the Due Process Clause," those circumstances are generally limited to freedom from restraint that

13 "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

14 prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  A temporary loss of privileges to

15 the yard, for example, does not "present a dramatic departure from the basic conditions" of

16 prison life.  Id. at 486.

17    Finally, with regards to plaintiff's access to the courts claim, he must demonstrate

18 an "actual injury" to state a cognizable claim for denial of access to the courts.  See Lewis v.

19 Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

20    Plaintiff is informed that the court cannot refer to a prior pleading in order to

21 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

22 complaint be complete in itself without reference to any prior pleading.  This is because, as a

23 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

25 /////

26 /////

longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's June 11, 2008 application to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

amended complaint in accordance with this order will result in a recommendation that this action

be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

civil rights action.

DATED: June 20, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dust0955.14a

7