IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D. DUSTIN,

        Plaintiff,                            No. CIV S-08-0955 GEB DAD

    vs.

R.J. SUBIA, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        On June 20, 2008, the court screened plaintiff's original complaint in which he identified more than thirty defendants. As in previous cases filed by plaintiff in this court, his complaint was handwritten and barely legible. <u>See</u>, <u>e.g.</u>, <u>Dustin v. Townsend</u>, No. CIV S-04-0672 GEB JFM; <u>Dustin v. Ortiz</u>, No. CIV S-01-0426 WBS DAD. Moreover, the allegations in plaintiff's complaint were so vague and conclusory that the court was unable to determine whether the current action is frivolous or fails to state a claim for relief. The court dismissed plaintiff's complaint and granted him thirty days leave to file an amended complaint. The court cautioned plaintiff that failure to file an amended complaint in accordance with the court's order would result in a recommendation that this action be dismissed without prejudice.

1

For nearly a year since issuing its order, the court has granted plaintiff numerous extensions of time to file an amended complaint. Since the court's most recent order granting plaintiff an extension of time on December 17, 2008, plaintiff has filed three additional requests for extensions of time. It is now clear that this action should be dismissed because plaintiff is unable to prosecute this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Ferdik, the Ninth Circuit held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Id. at 1260-61.

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been dragging on for nearly a year, and plaintiff still has not filed an amended complaint. Similar to the situation confronted in Ferdik, the court in this case has provided plaintiff with detailed instructions on how to file an amended complaint and how to state a cognizable claim for relief based on the factual allegations he has provided to the court. In addition, the court has provided plaintiff with more than sufficient time to file an amended complaint. The court also warned plaintiff in its last two orders that no further extensions of time would be granted for the purpose of filing an amended complaint. Plaintiff's failure to comply with court orders strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff demonstrates little intention to diligently pursue. After granting plaintiff numerous extensions of time, the court is left with no alternative but to recommend dismissal of this action.

/////

1    With regards to the third factor, the risk of prejudice to the defendants as a result
2 of plaintiff's failure to amend, the court cannot weigh what prejudice if any would result to
3 defendants. Where the fourth factor is concerned, to be sure, the court prefers to dispose of cases
4 on the merits. However, even if these third and fourth factors weigh in plaintiff's favor, they do
5 not outweigh the other three factors, which strongly support dismissal under the circumstances of
6 this case. Ferdik, 963 F.2d at 1262-63 (holding that the first, second and fifth factors outweigh
7 the third and fourth factors in a case where the plaintiff repeatedly failed to file an amended
8 complaint). Accordingly, the court will recommend dismissal of this action. However, in the
9 interests of justice, the court will recommend dismissal without prejudice.

    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dust0955.56